UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONY RIPPETO, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:14 CV 495 RWS |
| MIDTOWN AUTO PLAZA FORD, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before me on plaintiffs' unopposed motion for summary judgment as to defendants Auto Plaza Wentzville, Inc. and VAD Realty, LLC. Plaintiffs seek a ruling that these defendants are jointly and severally liable for the ERISA withdrawal liability assessed against defendant Mid-Town Auto Plaza Ford, Inc. Default judgment was entered against defendant Mid-Town on May 23, 2014, after plaintiffs and Mid-Town arbitrated the issue of the withdrawal liability assessment in accordance with the Multiemployer Pension Plan Amendments Act (MEPPA), 29 U.S.C. § 1381, et seq. The arbitrator found Mid-Town obligated to pay the withdrawal liability assessment, and I affirmed that award in my Memorandum and Order dated May 23, 2014 [#23]. Defendants Auto Plaza Wentzville and VAD Realty are sued here as members of a "common control group" with defendant Mid-Town, and plaintiffs move for judgment against these remaining defendants.

ERISA, as amended by MEPPA, provides that, in situations such as these, "all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades or businesses as a single employer." 29 U.S.C. § 1301(b)(1). Trades or businesses under common control with the withdrawing employers are jointly and severally liable for the principal employer's withdrawal liability.

1

Here, plaintiffs have presented persuasive evidence that defendants meet the definition of "common control group" and are jointly and severally liable for the withdrawal liability assessment because all three businesses are owned by Nadir Djaveherian. Moreover, plaintiffs have presented evidence that Auto Plaza Wentzville – a car dealership – and VAD Realty – a real estate sales business – were engaged in a "trade or business" for purposes of ERISA. This evidence is uncontroverted as Auto Plaza Wentzville and VAD Realty have not opposed summary judgment, and their time for doing so expired long ago. However, in the interests of justice, I will afford defendants one final opportunity to tell me why I should not grant plaintiffs' motion for summary judgment. I will not grant any extensions of time, and failure to comply with this Memorandum and Order will result in the entry of summary judgment against defendants Auto Plaza Wentzville and VAD Realty for the reasons stated in plaintiffs' summary judgment papers and this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that **defendants Auto Plaza Wentzville and VAD Realty shall show cause in writing, by 9:00 a.m. on Wednesday, November 26, 2014, why this Court should not enter summary judgment against them on plaintiffs' complaint. Failure to timely comply with this Memorandum and Order will result in the entry of summary judgment against defendants for the reasons stated herein and set out in plaintiffs' motion for summary judgment and accompanying materials. No extensions of time will be granted.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2014.